IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**HOSAM SMADI,**

        **Petitioner,**

  vs.                                  Case No. 18-cv-0555-DRH

**WILLIAM TRUE,**

        **Respondent.**

## **MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Petitioner, currently incarcerated in U.S. Penitentiary Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the loss of good conduct time based on discipline he received at Marion on April 25, 2017. (Doc. 1, pp. 1-2, 7).

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

1

## The Petition

Petitioner lost 27 days of good conduct time based on Incident Report 2958966, which charged him with a violation of Prohibited Act 201, "threats-threatening statements." (Doc. 1, p. 2).

The subject event took on March 5, 2017 when Petitioner sent an email to his sister in which he said, "What about the teachers, are they nice. Tell everybody of them, that I say take care of my little sister with good scores or I blow up the shit!! ha ha." (Doc. 1, p. 1). Petitioner received the disciplinary report the next day on March 6, 2017; the hearing was held on March 23, 2017. (Doc. 1, p. 2).

Petitioner alleges that his due process rights were violated when he was deprived of his good conduct credit because the hearing officer did not have some evidence that Petitioner possessed the necessary intent to threaten anyone, improperly applied an objective standard, and failed to adequately consider Petitioner's mental health issues. (Doc. 1, p. 2). Petitioner has affirmatively stated that he exhausted his administrative remedies. *Id.*

## Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when challenging the fact or duration of a prisoner's confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). A claim for restoration of wrongfully revoked good conduct credit is properly brought in a § 2241 action. *Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011); *Waletzki v. Keohane*, 13 F.3d 1079 (7th Cir. 1994).

Petitioner alleges that he was not given due process when deprived of his good conduct credit. In the context of a prison disciplinary hearing, due process requires that the prisoner receive: (1) written notice of the claimed violation at least 24 hours before hearing; (2) an opportunity to call witnesses and present documentary evidence (when consistent with institutional safety) to an impartial decision-maker; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *See Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *Wolff v. McDonnell,* 418 U.S. 539 (1974). A disciplinary decision must be supported by "some evidence" to satisfy due process. *Scruggs*, 485 F.3d at 941 (quoting *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (revocation of good conduct credits must be supported by "some evidence" in order to satisfy due process concerns)); *Austin v. Pazera,* 779 F.3d 437 (7th Cir. 2015); *Grandberry v. Smith*, 754 F.3d 425, 426 (7th Cir. 2014).

Petitioner's request for restoration of good conduct credit is properly raised in the habeas petition. *Jones*, 637 F.3d 841 (presenting due process claim); *Waletzki,* 13 F.3d 1079 (denial of good time credits lengthened sentence and brought claim within ambit of § 2241). His claim of specific due process violations in connection with disciplinary charges and hearing are also properly addressed in this habeas action.

Without commenting on the merits of Petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule

3

1(b) of the Rules Governing Section 2254 Cases in United States District Courts.

**IT IS HEREBY ORDERED** that respondent shall answer the § 2241 petition (Doc. 1) or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS ALSO ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to

provide such notice may result in dismissal of this action. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**  *David R Herndon*

Judge Herndon
2018.04.11
20:30:00 -05'00'

**United States District Judge**

5