IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HOSAM SMADI, # 39482-177,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) Case No. 18-cv-555-SMY |
| | ) |
| **D. SPROUL,** | ) |
| **Warden, USP Marion,** | ) |
| | ) |
| **Respondent.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Hosam Smadi is a federal inmate incarcerated at the USP-Marion. He filed this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the loss of 27 days of good conduct credit against his sentence, imposed as a disciplinary sanction. (Doc. 1). Respondent filed a Response to the Petition (Doc. 7) and Smadi replied (Doc. 19). For the following reasons, the Petition is **DENIED**.

### Relevant Facts and Procedural History

Smadi is serving a 24-year sentence for attempted use of a weapon of mass destruction. *United States v. Smadi*, Case No. 09-cr-294-M-1 (N.D. Tex., Doc. 88). As of the time of Respondent's Response, his projected release date was January 11, 2031.[1] (Doc. 7, p. 2).

The disciplinary sanction Smadi challenges resulted from a March 5, 2017 email he sent to his sister, in which he wrote: "What about teachers, are they nice. Tell everybody of them, that I say take care of my little sister with good scores or I blow up the shit!! ha ha." (Doc. 1, pp. 1, 6).

---

[1] According to the Bureau of Prisons website, Smadi's current projected release date is April 19, 2031. Https://www.bop.gov/inmateloc/ (last visited August 10, 2020).

1

Smadi was charged in Incident Report 2958966 with making threats/threatening statements (Prohibited Act Code 203)[2]. (Doc. 1, pp. 2, 4). On March 23, 2017, the disciplinary hearing officer held a hearing at which Smadi was present with a staff representative. He was found guilty and 27 days of his earned good conduct time was revoked. (Doc. 1, pp. 5-7).

## Discussion

Inmates retain due process rights in connection with prison disciplinary proceedings. However, such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The minimum due process requirements for such proceedings are: (1) receipt of written notice of the charges in advance of the hearing; (2) an opportunity to be heard before an impartial decision maker; (3) the right to call witnesses and present evidence where the same will not be unduly hazardous to safety or correctional goals; and (4) a written statement as to the evidence relied on and the reason for the decision. *Wolff*, 418 U.S. at 564-66; *Henderson v. U.S. Parole Commission*, 13 F.3d 1073, 1077 (7th Cir. 1994).

The decision must be supported by "some evidence in the record." *Superintendent v. Hill*, 472 U.S. 445 (1985); *see also Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). The "some evidence" standard is a low bar, which the Seventh Circuit has described as a "meager threshold." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007) ("once the meager threshold has been crossed our inquiry ends"). The Court does not reweigh the evidence or determine credibility. *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). Nor does the Court "assess the comparative weight of the evidence underlying the disciplinary board's decision." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). The "relevant question is whether there is *any* evidence in the record that *could*

---

[2] Prohibited Act 203 is "Threatening another with bodily harm or any other offense." 28 C.F.R. § 541.3 (Table 1).

2

support the conclusion reached by the disciplinary board." *Id.* (quoting *Hill*, 472 U.S. at 455-56 (emphasis in original). Only evidence that was presented to the hearing officer is relevant to the determination of whether there was "some evidence." *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992). As such, this Court can overturn the decision "only if no reasonable adjudicator could have found [petitioner] guilty of the offense on the basis of the evidence presented." *Henderson*, 13 F.3d at 1077.

During the hearing, Smadi's defense to the charge was that he was only joking with his little sister in a private email conversation, and in his country (Jordan) that sort of talk was normal and would have been understood as a joke. (Doc. 1, p. 5-6, Doc. 7-3, p. 4). The hearing officer acknowledged Smadi's explanation, but noted the conversation was not private as it was monitored by staff, that Smadi was not back home in his culture, and that a reasonable person could believe the threat was valid. (Doc. 7-3, p. 2).

Smadi argues that the disciplinary action violated his First Amendment rights because although the hearing officer found that he lacked the subjective intent to threaten someone, the officer improperly applied an objective test to determine whether the statement was a threat. He also argues his Fifth Amendment rights were violated because there was no evidence he intended to make a threat and the hearing officer failed to consider his serious mental health issues.[3] (Doc. 1, p. 2).

The hearing officer's determination that Smadi's statement amounted to a threat was supported by "some evidence" – the email itself. This is sufficient to sustain the disciplinary ruling. And, the hearing officer's conclusion that "Given [Smadi's] current offense a reasonable

---

[3] Smadi asserts that he suffers from severe mental illnesses, including schizophrenia, obsessive-compulsive disorder, and depression. (Doc. 1, p. 1).

person would believe there is validity to this threat" (Doc. 7-3, p. 2) was not improper or unconstitutional. Smadi points out that in some instances, this Court has required evidence of the prisoner's culpable mental state (*mens rea*) to support a disciplinary sanction. But those cases are distinguishable as they involved the question of whether knowledge of the presence of contraband can be imputed to an inmate merely because he occupied the cell where it was found. Here, there is no dispute that Smadi wrote the email containing the offending statement. The disciplinary code prohibits inmates from making threats and does not require a showing of any particular mental state such as would be necessary in a criminal case.[4] The hearing officer was not required to make a finding that Smadi had the subjective intent to make a true threat.

Finally, Smadi asserts that the hearing officer should have considered his mental condition before finding that he knowingly transmitted a threat. Respondent argues Smadi has waived this issue because he did not raise it in the hearing or in his administrative challenges to the disciplinary decision. As Respondent notes, Smadi did not mention his mental illnesses in the hearing or during his administrative appeals. He appealed on the bases the email statement was a joke and protected speech and that the hearing officer was biased against him because he is Arab and because of the nature of his conviction. (Doc. 7-5, pp. 77-78, 80, 85). It has long been settled that a "federal prisoner challenging a disciplinary decision within the federal institution must exhaust his administrative remedies before seeking federal habeas relief." *Sanchez v. Miller*, 792 F.2d 694, 699 (7th Cir. 1986). Smadi failed to do so with respect to this issue.

## Disposition

Hosam Smadi's Petition for habeas relief under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**;

---

[4] Smadi's reliance on criminal cases including *United States v. Dutcher*, 851 F.3d 757 (7th Cir. 2016), is inapposite, because their analysis of what constitutes a "true threat" applies only in the criminal context, not in a prison discipline case. (Doc. 19, pp. 4-6).

4

all pending motions are **DENIED AS MOOT**; and this case is **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal, he may file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

A motion for leave to appeal *in forma pauperis* ("IFP") must identify the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: August 24, 2020**

*s/ Staci M. Yandle*
STACI M. YANDLE
United States District Judge